DAVID E. BARROWS, Appellant, *v.* HENRY N. WEBSTER, Respondent.

In 1836 a map of the village of Olean was made, on which was designated the streets and lots, which map has since been recognized as the official map of the village. The owner of lands lying on the west side of Union street conveyed to plaintiff a lot bounded by the west line of said street, and thereafter conveyed to defendant land lying westerly of and adjoining plaintiff's lot. There was no reference to said map in either of the deeds. In an action of ejectment, the question was as to the location of the line referred to in plaintiff's deed as the westerly line of said street. It appeared that the street had been an open, traveled street for more than fifty years and was in existence before the map was made; it had never been opened to the width laid down upon the map, but the westerly line, as opened and worked and as indicated by fences, sidewalks and trees, was twelve feet east of the line as laid down upon the map. Both parties, when they took their deeds, were familiar with the actual visible location and condition of the street, and there was evidence tending to show that, when plaintiff took his deed, the measurements were made from the westerly side of the street as then actually opened and used. *Held*, that plaintiff and his grantor had the right to determine whether to take as the boundary the line of the street as it appeared and was used,

or as laid down on the map; that the question as to what was that determination was one of fact; and that the evidence justified a finding that the intention was to bound the lot by the line as it appeared.

(Argued December 17, 1894; decided January 15, 1895.)

Appeal from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made June 12, 1893, which affirmed a judgment in favor of defendant entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*J. Arthur Corbin* for appellant. The only reasonable construction of the deed consistent with the language used is that the west line of Union street is the east line of plaintiff's lands, and that plaintiff's lands run west 125 feet from the west line of Union street. (*Rathgaber* v. *Village of Tonawanda*, 37 N. Y. S. R. 807; Dillon on Mun. Corp. § 640; *Cook* v. *Harris*, 61 N. Y. 448; *Wigging* v. *McCleary*, 49 id. 346; *McMannis* v. *Butler*, 51 Barb. 436; *Livingston* v. *Mayor, etc.*, 8 Wend. 85; *Wyman* v. *Mayor, etc.*, 11 id. 387; *Driggs* v. *Phillips*, 103 N. Y. 77; *People* v. *Loesfelm*, 102 id. 1; *Bridges* v. *Wyckoff*, 67 id. 130.)

*J. H. Waring* for respondent. The street as actually opened and used is the plaintiff's eastern boundary. The deed expressly bounds his lot on the east by Union street. There was no evidence that Gosseline made his map for the owners at the time of the lands embraced in it. Assuming, however, that he did make it for them, his act did not make streets of the lands delineated upon it as such; none of them could become streets until they were accepted by the public authorities. (*Fonda* v. *Borst*, 2 Keyes, 48; *Holdane* v. *Trustees, etc.*, 21 N. Y. 474; *Badeau* v. *Mead*, 14 Barb. 329, 344; *Brace* v. *N. Y. C. R. R. Co.*, 27 N. Y. 269.) It was the intention of the parties to the plaintiff's deed to make the actual street boundary his eastern line. (*Rich* v. *Rich,*

16 Wend. 663, 675; *Petit* v. *Shepard,* 32 N. Y. 97; *Sargeant* v. *Adams,* 69 Mass. 72.) The extrinsic facts proved by the plaintiff went no further than to show the existence of the two sets of lines and the location of each. (*Masten* v. *Olcott,* 101 N. Y. 152; *Raynor* v. *Timmerson,* 46 Barb. 518, 524; *Wendall* v. *People,* 8 Wend. 183, 190; *Cronk* v. *Wilson,* 40 Hun, 269, 274; *Van Wyck* v. *Wright,* 18 Wend. 157, 168; *Rich* v. *Rich,* 16 id. 663; *Schoonmaker* v. *Davis,* 44 Barb. 463; *Woodruff* v. *Paddock,* 56 Hun, 288; *Jackson* v. *Cole,* 16 Johns. 257.; *W. Bank* v. *Nichols,* 54 N. Y. 65.) The plaintiff's deed describes his premises as being a part of Whitney's subdivision of blocks 124 and 125, when in fact they are no part of it. That false particular must be rejected in construing the deed. (2 Hilliard on Real Prop. 519, chap. 85, § 54; *Seaman* v. *Hogeboom,* 21 Barb. 398, 407; *Masten* v. *Olcott,* 101 N. Y. 152, 158; *Brookman* v. *Kurzman,* 94 id. 272.) None of the plaintiff's exceptions to the rulings excluding the deeds offered by him are well taken. (*Fonda* v. *Borst,* 3 Keyes, 48; *Holdane* v. *Trustees, etc.,* 21 N. Y. 474; *Crowder* v. *Hopkins,* 10 Paige, 183, 190; *Christie* v. *Bishop,* 1 Barb. Ch. 105, 114; *Jacobs* v. *Remsen,* 36 N. Y. 668, 670.)

*Per Curiam.* This is an action of ejectment to recover a strip of land twelve feet wide in the village of Olean. Both parties claim title under the same grantor, the deed of the plaintiff being prior to that of the defendant. The land conveyed to the plaintiff was a lot on the west side of Union street, bounded by the west line thereof, and being 125 feet deep from that line. The land subsequently conveyed to the defendant lies westerly of and adjoining plaintiff's lot. The dispute grows out of the uncertainty of the location of the westerly line of Union street. The plaintiff claims that that line is twelve feet further west than the defendant admits it to be, and if his claim is well founded the westerly line of his lot incloses the land in dispute and he should recover in this action.

In 1836 a map of the village of Olean, called the Gosseline map, was made, in which the streets and village lots were designated, and that map has since been generally recognized as the official map of the village. It does not appear to have been made by any person who owned the lands conveyed to these parties. The plaintiff claims that the westerly line of Union street in front of his lot is where it was laid down upon that map. The defendant claims that he is not bound by that map, and that that line is twelve feet further east.

There is no reference to the Gosseline map in either of the deeds to these parties, and there is nothing on the face of the deeds showing that the grantor intended to convey by that map.

Union street had been an open, traveled street for more than fifty years before the trial of this action, and it was in existence before the making of the map. It had never been opened to the width laid down upon the map, and the westerly line thereof had always been in fact where the defendant claims it to be. The fences, sidewalks and trees indicated the line to be as claimed by him, and the twelve feet between the line as claimed by the plaintiff and that claimed by the defendant had never been in fact opened, used and worked as a part of the street. To a person knowing nothing about the map the westerly line of the street would appear to be where the defendant claims it to be. Both parties, when they took their conveyances, were familiar with the location and condition of the actual visible street, and there was some evidence upon the trial tending to show that when the plaintiff took his deed the measurements were made from the westerly side of the street, as it was then actually opened and used.

No one will dispute that at the time the plaintiff took his deed he and his grantor could determine whether they would take the line of the street as it appeared upon the Gosseline map or as it appeared upon the ground, and whether they took the one line or the other, we think was a question of fact. If they had intended to take the map line as a boundary, some

reference would probably have been made to the map in the deed.

Upon the facts to which we have alluded and others appearing in the record, the referee found "that in making the conveyance to the plaintiff it was the intention of the parties thereto to make the easterly boundary of said land coincide with the visible westerly boundary of Union street, as it then appeared and was actually used by the public." We think there was evidence warranting this finding, and that it was legally competent for the referee, taking the description in the deed and all the other facts proved by oral evidence, to make the finding.

We have carefully considered all the exceptions taken upon the trial and do not find that they point out any error, and for the reasons we have given and those found in the opinion of the General Term, printed in the record, the judgment should be affirmed, with costs.

All concur.

Judgment affirmed. _____