JOHN C. BRADLEY, Plaintiff, *v.* BELLE C. NEAL,
Defendant.

(Supreme Court, Erie Special Term, March, 1919.)

Abutting owners — when action to restrain the construction of a drive-
way not maintainable — municipal corporations — deeds — injunc-
tions — city of Buffalo.

The plaintiff and defendant are adjoining owners of
premises situate on the northerly side of " Bidwell Parkway "
in the city of Buffalo, N. Y., and to restrain the construction
of a stone or concrete driveway for automobiles which defend-
ant has staked .out between the properties this action is
brought upon the theory that the description in the conveyance
to each of the parties hereto ran from the intersection of the
northwest line of said parkway, according to the original line
of West Delevan avenue when it was acquired by the city in
1858, and if so, the contemplated driveway would be in part
upon plaintiff's premises. Pursuant to section 358 of the
charter the city council duly. adopted a resolution ascertaining
and ,establishing the boundary lines ·of West Delevan avenue
at the points in question here, as then indicated and deter-
mined by the pavement and in accordance with the survey of
1890, when a proceeding to pave said avenue was instituted.
The city clerk was directed to record said resolution on the
street record and the mayor was authorized to execute quit-
claim deeds to the abutting owners of any property between
the lines of the avenue as originally acquired and as declared
by said resolution. *Held*, that as it appeared from the agreed
statement of facts upon which the issues in controversy were
submitted that the conveyances to plaintiff and to defendant
were made after the lines of West Delevan avenue were changed
in 1890, the presumption was that said conveyances were made
in accordance with the lines of said avenue as established by
the municipal authorities, and both parties being willing to
accept the conveyance prepared and tendered by the city the
present action was not maintainable.

ACTION for an injunction.

Desbecker, Fisk & Newcomb, for plaintiff.

White, Babcock & Means, for defendant.

LAUGHLIN, J. The issues in this action were stipulated on the calendar and submitted upon an agreed statement of facts. This is a suit in equity to enjoin the defendant, her contractors, agents, servants and employees from entering upon the premises alleged to be owned by plaintiff and from interfering with the lawn thereon and from constructing a driveway thereon. The plaintiff and defendant are abutting owners of premises situate on the northerly side of Bidwell parkway in the city of Buffalo, N. Y., and the controversy is over the boundary line between the premises, and it has arisen from the fact that the descriptions by which the premises have been conveyed commence at the point of intersection of the northwesterly line of Bidwell parkway with the north line of West Delevan avenue, which point of intersection, as West Delevan avenue existed at the time of the conveyances and as it had been declared to exist and had been paved and curbed by the municipal authorities, is three and sixteen one-hundredths feet from the point of intersection according to the lines of West Delevan avenue as originally acquired by the city of Buffalo in or about the year 1858. It does not appear by the stipulation of facts whether West Delevan avenue as originally acquired was used by the public to the extent of its entire width, nor does it appear whether or not it was improved by the city prior to 1890 when a proceeding for paving it was duly instituted. It is stipulated that in 1890 it was surveyed by the city and a map thereof made which is now on file with the bureau of engineering, and that it was then paved in accordance with the street lines as shown on that map and

42

that the pavement has been so maintained ever since. The street lines according to the survey pursuant to which the avenue was paved, show said point of intersection, three and sixteen one-hundredths feet, measured on the northerly line of Bidwell parkway, westerly of the point of intersection according to the lines of West Delevan avenue as originally acquired. The stipulated facts do not trace the title of either party back beyond the time when this was made. Both parties acquired title from the same grantor, one James Newton. It is stipulated that on the 20th of May, 1910, Newton was seized in fee of a parcel of land having a frontage of one hundred and twenty-eight feet on the northwesterly side of Bidwell parkway, commencing at the intersection of the northwesterly line of said parkway with the northerly line of West Delevan avenue, and extending one hundred and twenty-eight feet northeasterly therefrom along the northwesterly line of said parkway and extending in depth therefrom at right angles one hundred and twenty-two feet. This was twenty years after the lines of West Delevan avenue had been thus changed, and the deed contains no express provision indicating whether the original or the changed point of intersection was intended as the starting point in the description. On said 20th of May, 1910, Newton conveyed thirty-eight feet of this frontage, extending the entire depth of the parcel, to defendant and by the description the frontage thus conveyed commenced ninety feet from said point of intersection. On the twenty-seventh of September Newton conveyed forty feet of the remaining parcel to one Edwards by a description beginning at said point of intersection and extending forty feet northeasterly along the northwesterly line of the parkway. On the 29th of November, 1913, he conveyed the remaining

fifty feet of the parcel to the plaintiff by a description commencing on the northwesterly line of Bidwell parkway and forty feet northeasterly from said point of intersection. It is further stipulated that Newton during his ownership built single family residences upon each of the three parcels upon the understanding and belief that the north line of West Delevan avenue was correctly located on the survey, and that they were used and occupied on that understanding and belief until the time of the conveyance to the plaintiff. It is further stipulated that on the 31st of July, 1918, the city council unanimously adopted a resolution pursuant to section 358 of the charter, ascertaining and establishing the boundary lines of West Delevan avenue, at the points in question, as then indicated and determined by the pavement and in accordance with the survey of 1890, and directed the city clerk to record the resolution in the street record and authorized the mayor to execute quit claim deeds to the abutting owners of any property between the lines of the avenue as originally acquired and as so declared. The parties hereto were willing to accept the conveyances prepared and tendered by the city but the abutting owner on the west of the premises so conveyed to Edwards refused to accept or to quit claim to Edwards any right he may have by reason of such difference in the lines of West Delevan avenue as originally acquired and as subsequently paved.

It appears that there is a private residence on the premises of plaintiff and of defendant and that on or about the 20th of June, 1918, the defendant caused a driveway to be staked out between the houses and intended there to construct a stone or concrete driveway for automobiles. This action was brought to enjoin such construction on the theory that the description ran from the intersection according to the original

line of West Delevan avenue and on that theory the driveway as contemplated would be, in part, on the plaintiff's premises, but if the descriptions run from the point of intersection according to the changed line of the avenue, then there would be no encroachment by the construction of such a driveway.

It is quite plain, I think, that this action cannot be maintained. The conveyances having been made after the lines of South Delevan avenue were changed they are presumed to have been made in accordance with the lines of the avenue as then established by the municipal authorities paved and used. *Smith* v. *Stacey,* 68 App. Div. 521; *Herse* v. *Mazza,* 100 id. 59; *Barrows* v. *Webster,* 144 N. Y. 422; *Blackman* v. *Riley,* 139 id. 328.

The stipulated facts with respect to the practical location confirm this view. The action of the municipal authorities granted to the parties in interest all the relief to which they were entitled in any view of the case, and the conveyances tendered by it should have been accepted.

With respect to those who hold out against such action, it may be that other litigation will be necessary; but if the facts are the same as those now submitted for adjudication there can be no doubt with respect to what the decision will be.

It follows that the temporary injunction should be vacated and the complaint dismissed, but in accordance with the stipulation, without costs.

Ordered accordingly.